UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No.   8:03-cr-393-T-23TBM
                                                       8:06-cv-2108-T-23TBM
DELVAUGHN JOHNSON
_____/

# O R D E R

A jury convicted Johnson of both forcibly assaulting an officer performing her duties and possessing a firearm in furtherance of the assault.  Johnson serves twenty-four months for the assault conviction and, because the firearm was "brandished," eighty-four months for the firearm conviction.  Johnson's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the sentence for "brandishing" the firearm, contending that the proper sentence is sixty months for merely "possessing" the firearm.  In a supplement (Doc. 6) to his motion to vacate Johnson asserts entitlement to credit for time served in state custody.  The United States admits that the motion to vacate is timely.  (Response at 4, Doc. 8)  The motion to vacate lacks merit.

## FACTS[1]

In June and July 2003, an undercover detective employed by the Hillsborough County Sheriff's Office, Detective Garfield, completed several crack cocaine transactions with Kareem Desseau.  In September 2003, Desseau offered to sell the

_____

[1]  This summary of the facts derives from the response.  (Doc. 9)

detective ten ounces of crack cocaine for $9000.  They agreed to conduct the drug transaction at a shopping mall.  Desseau, Santonio Simmons, and Delvaughan Johnson arrived at the mall in a car.  Desseau was driving with Simmons in the front passenger seat and Johnson in the rear seat.  After arrival at the mall, Johnson moved to the driver's seat and Desseau exited the car, removed a bag from the trunk, and walked to and entered Det. Garfield's vehicle.  Johnson moved the perpetrator's vehicle nearer to the detective's vehicle.  Simmons exited the car, pointed a pistol at the detective through the window, and demanded the $9000.  Highly agitated, Simmons fingered the trigger of the handgun and Det. Garfield concluded that Simmons was preparing to shoot her.  Det. Garfield decided to disarm Simmons rather than "get shot and die in [her] car[.]"  Det. Garfield pushed Simmons's hand into the dashboard and the handgun fell to the floor.  As Simmons leaned down to recover the handgun, the surveillance team converged on Det. Garfield's car and placed Desseau and Simmons under arrest. The surveillance team arrested Johnson as he attempted to flee the scene in Desseau's car.

Johnson asserts two grounds in his motion to vacate.  First, Johnson challenges the validity of his mandatory seven-year sentence for "brandishing" a firearm, although the indictment charges "possessing" a firearm, which mandates a five-year sentence. Second, Johnson alleges that trial counsel was ineffective for failing to object to the seven-year "brandishing" sentence.  Johnson supplemented his motion to vacate by adding an ineffective assistance of counsel claim challenging the lack of credit for "time served" in state custody.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Johnson claims ineffective assistance of counsel, a difficult claim to sustain.

"[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).  Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented.  In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S. Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice.  Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds.").  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.  "[A] court deciding an actual ineffectiveness claim must

judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. <u>Strickland</u> requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Johnson must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Johnson must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

<u>Strickland</u> cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91. Johnson cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

<u>White v. Singletary</u>, 972 F.2d 1218, 1220-21 (11th Cir. 1992). <u>Accord</u> <u>Chandler v.</u>

<u>United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial

lawyers, in every case, could have done something more or something different.  So,
omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or
appropriate, but only what is constitutionally compelled.'") (en banc) (quoting Burger v.
Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983)
(counsel has no duty to raise a frivolous claim).

## ORIGINAL MOTION TO VACATE

Johnson's criminal conduct is proscribed by Title 18, United States Code,
Section 924(c)(1)(A), which provides, in pertinent part:

> [A]ny person who, during and in relation to any crime of violence or drug
> trafficking crime . . . uses or carries a firearm, or who, in furtherance of any
> such crime, possesses a firearm, shall, in addition to the punishment
> provided for such crime of violence or drug trafficking crime--
> (i)   be sentenced to a term of imprisonment of not less than 5 years;
> (ii)  if the firearm is brandished, be sentenced to a term of
>       imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of
>       imprisonment of not less than 10 years.

Johnson's indictment charges that his conduct was "[i]n violation of Title 18, United
States Code, Section 924(c)(1)(A), 924(c)(1)(A)(i), and 2."  He contends that (1) the
court erred in imposing a seven-year sentence pursuant to subsection (ii) when the
indictment specifically charges subsection (i) and (2) trial counsel was ineffective for not
objecting to the sentence imposed pursuant to subsection (ii).

The government must prove beyond a reasonable doubt each element of a
criminal offense.  In re Winship, 397 U.S. 358, 364 (1970).  And "[o]ther than the fact of
a prior conviction, any fact that increases the penalty for a crime beyond the prescribed
statutory maximum must be submitted to a jury, and proved beyond a reasonable

doubt."  <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000).  But <u>Apprendi</u> applies only if

the sentence is increased "beyond the prescribed statutory maximum."  The two

<u>Apprendi</u> requirements—submission to a jury and proof beyond a reasonable

doubt"—are inapplicable when increasing a minimum sentence.

> <u>Apprendi</u> said that any fact extending the defendant's sentence beyond
> the maximum authorized by the jury's verdict would have been considered
> an element of an aggravated crime—and thus the domain of the jury—by
> those who framed the Bill of Rights.  The same cannot be said of a fact
> increasing the mandatory minimum (but not extending the sentence
> beyond the statutory maximum), for the jury's verdict has authorized the
> judge to impose the minimum with or without the finding.

<u>Harris v. United States</u>, 536 U.S. 545, 557 (2002).  Whether the firearm was

"possessed," "brandished," or "discharged" is a sentencing factor for a judge's

determination and not an element for a jury's determination.  "[W]e conclude that, as a

matter of statutory interpretation, § 924(c)(1)(A) defines a single offense.  The statute

regards brandishing and discharging as sentencing factors to be found by the judge, not

offense elements to be found by the jury."  <u>Harris</u>, 536 U.S. at 557.  The indictment's

citing subsection (i) instead of subsection (ii) is inconsequential because the sentencing

"factor need not be alleged in the indictment, submitted to the jury, or proved beyond a

reasonable doubt."  536 U.S. at 568.

Lastly, Johnson argues that the seven-year sentence is invalid because he

brandished no firearm.  Johnson is liable for the acts of his co-defendant, Simmons,

who pointed the handgun at the detective through the car window.  <u>See</u> <u>United States v.</u>

Crawford, 133 Fed. Appx. 612, 620 (11th Cir. 2005)[2] ("the evidence showed that the co-defendant . . . pointed the firearm at [the victim] during the robbery, and thus the district court's factfinding that [the co-defendant] brandished the firearm is supported by the evidence."). Likewise, Johnson's lack of intent in the use of a firearm is inconsequential.  See Dean v. United States, ___ U.S. ___, 129 S. Ct. 1849, 1856 (2009) ("Section 924(c)(1)(A)(iii) requires no separate proof of intent.  The 10-year mandatory minimum applies if a gun is discharged in the course of a violent or drug trafficking crime, whether on purpose or by accident.").

Johnson's rights were not violated because the indictment cited subsection (i) instead of subsection (ii).  Consequently, trial counsel was not ineffective for failing to object to the seven-year minimum mandatory sentence.  Johnson's motion to vacate lacks merit.[3]

## SUPPLEMENT TO MOTION TO VACATE

Johnson alleges that trial counsel was ineffective for failing to argue that, pursuant to U.S.S.G. §5G1.3(b), Johnson is entitled to credit for all of the time he served in state custody.  Johnson cannot show that counsel performed deficiently because §5G1.3(b) is inapplicable.

Before leaving the courtroom to commence his sentence, defense counsel inquired about Johnson receiving credit for time served in state custody.  Johnson was

---

[2]  "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  CTA11 Rule 36-2.

[3]  As a third ground the motion to vacate alleges entitlement to an evidentiary hearing.  Whether the motion to vacate merits an evidentiary hearing asserts no challenge to the validity of the conviction or sentence.  Consequently, no valid ground is alleged.

advised that the Federal Bureau of Prisons (BOP) would compute the sentence and determine pre-sentencing credits for state custody.  See discussion at Transcript of Proceedings at 17-18, Doc. 167 in 8:03-cr-393-T-23TBM.  Johnson attached to his reply (Doc. 11) the BOP's determination that Johnson is entitled to credit from September 8, 2003, to November 9, 2003, and from October 6, 2004, to January 10, 2005.  Johnson contends that he is also entitled to credit for the intervening dates of November 10, 2003, to October 5, 2004.  The BOP rejected crediting the intervening dates because "[t]he time . . . represents time spent in custody on the probation violation term imposed by the State for violation of probation imposed in July, 2002.  The offensive behavior in this matter took place prior to the date of offense on the federal sentence."  (Reply at 6, Doc. 11)  The federal charges are based on the September 8, 2003, assault on Det. Garfield.  The state relied on this criminal act for revoking Johnson's probation imposed a year earlier.  The intervening dates represent the jail time Johnson served for the violation of probation.

Johnson's twenty-seven month federal sentence for the assault charge is based on an Offense Level 15, Criminal History Category III, which establishes a range of twenty-four to thirty months.  Johnson argues that because the violation of probation was a factor in calculating his sentence, defense counsel was ineffective for not arguing for a lower sentence based on §5G1.3(b), which allows a court to adjust a sentence if the BOP will not give a defendant credit for time served in state custody.  This provision only applies if the state custody is based on conduct that is considered "relevant conduct . . . under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 . . . ."

"Relevant conduct" is a factor in determining the offense level.  The violation of probation caused the assessment of two points in determining Johnson's criminal history, not his offense level computation.  Consequently, 5G1.3(b) is inapplicable.

Accordingly, the motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.[4]  The clerk shall enter a judgment against Johnson and close this case.

ORDERED in Tampa, Florida, on September 14, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[4]  Johnson moves (Doc. 23) to supplement in which he cites new precedent.  The motion is **GRANTED**.  Nevertheless, the new authority is inapplicable because §5G1.3 is inapplicable.